SHUTE v. THE MANCHESTER FIRE ASSURANCE CO.

INSURANCE—WAIVER.—NONSUIT improper, where there is only verbal testimony as to contents of deed relied upon by insurer as taking the fee out of the insured, and circumstances tending to show waiver.

Before BUCHANAN, J., Lancaster, October, 1899. Reversed.

Action on insurance policy by H. H. Shute against The Manchester Fire Assurance Co. and The American Freehold Land Mortgage Co. of London, Limited. From order of nonsuit, plaintiff appeals.

*Messrs. R. E. & R. B. Allison,* for appellants, cite: *Where*

*defendant sets up forfeiture, plaintiff should be permitted to reply in evidence:* 42 S. C., 14; 43 S. C., 26; 28 S. C., 431; 92 U. S., 377. *Nonsuit cannot be based on evidence brought out on cross-examination in support of defense:* 26 S. C., 264. *As to proof of contents of deed:* 4 Strob., 96; 10 Mass., 456; 3 N. H., 304; 9 Rich. Eq., 303; 3 S. C., 331. *Circumstances showing waiver should have gone to the jury:* 36 S. C., 213; 8 How., 249.

*Messrs. Ernest Moore* and *Trenholm, Rhett, Miller & Whaley,* for The Manchester &c. Co., contra, cite: *Other estate than fee simple in insured renders policy void:* 5 Gray, 384. *Registration is evidence of delivery:* 9 Rich. Eq., 309. *Contents of deed collateral here and can be proven by parol:* 36 S. C., 213.

July 11, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The trial of this action was had before Judge Buchanan, in October term, 1899, of Court of Common Pleas for Lancaster County. After plaintiff closed his testimony, upon the motion of the defendant, The Manchester Fire Insurance Company, Judge Buchanan ordered a nonsuit of plaintiff. After entry of judgment thereon, the plaintiff appealed. It seems to us that the error of the Circuit Judge, if error there be, lies in a very narrow compass—so narrow that we may lay our finger on it, if it exists. The grounds of the motion for nonsuit, etc., are thus stated in the "Case:" "That the proof does not correspond with the allegation of the complaint, the testimony of the plaintiff showing that he did not have the estate in the property in question which the complaint alleged, objection having been made as to all evidence showing any estate or insurable interest in the plaintiff other than alleged in the complaint. That the insurable interest represented by the plaintiff and his wife on the property mentioned in the policy was not insured. That where the plaintiff alleges himself to be the owner of the property and bases his complaint

thereon, alleging that such insurable interest was insured under the policy, therefore, he cannot recover thereon by proving another insurable interest not contemplated by the parties or mentioned in the policy. That the plaintiff alleges one contract and offers proof as to another. Also, that the very policy annexed as an exhibit to the complaint contained a promissory warranty on the part of the plaintiff, that he was the sole and unconditional owner of the property, and that the building was on ground owned by the insured in fee simple, and in his complaint the fulfillment of this condition is alleged; whereas, there is no proof either of the contract alleged or the fulfillment of the terms and conditions thereof. The foregoing grounds of motion for a nonsuit were substantially taken down by stenographer. The plaintiff, appellant, in argument contended that the execution of alleged deed of conveyance had not been proved and the deed had not been offered in evidence, and that the title of the property was still in the plaintiff. And when the Judge indicated an adverse view, plaintiff's counsel remarked, if your Honor has any doubt about the delivery of the deed, we would like to put the subscribing witness on the stand as to the execution and delivery of the alleged deed. The Judge refused to do this, remarking that the plaintiff had rested, and this was a motion for a nonsuit."

The Circuit Judge then made his ruling on the motion as follows, viz: My idea about the case is this: Here is a man comes to an insurance company by his agent, and says: Look here, you have been carrying my insurance about three or four years. I want to renew my insurance—practically says that, because when he says that by an agent he says that himself. No questions were asked at all. The company says all right, here it is. Well, it turns out now that at a time heretofore, that property upon which this policy was written had been conveyed to somebody else. The agent of the company says, well, I insured you such a time and such a time; I will insure in pursuance of the contract. Well, now, not one syllable is given him of any

change at all, in the condition at all.   Here is a man who
has conveyed away the property; knows the insurance com-
pany has been carrying it as his property, and does not give
the insurance company a word of notice.   Is that putting
these men on notice?   The company did not know it.   Was
it his negligence, his lack of care?   I don't think, from
whatever standpoint you view it, there is any evidence of
waiver.   There is certainly not any evidence here to show
any fee simple title, nor can the complaint be sustained here
upon the ground of a lesser estate.   Now, if plaintiff's state-
ment be true, he not only has no lesser estate, but no estate
at all, except an estate hung up in the skies, depending upon
the affection which the children have for the plaintiff.   I
don't think so.   He does not sue as agent, as trustee; he
sues in his own name.   He does not say he was acting for
A, B, and C, acting as agent, but the allegation is that he is
owner in fee simple.   Well, now, it might be said in reply,
that the matter of forfeiture is a matter of specific defense;
but it is also true, when a plaintiff undertakes to anticipate
the defense, and to prove that and to prove himself in court,
and out of court, at the same time, he goes out of court, be-
cause he could have gone and proved his loss alone.   Now,
by the same thing, he attempts to prove his status in court,
he proves himself out of court.   I think the nonsuit ought
to go—that is my judgment.   The Judge then signed the
following order of nonsuit: "The plaintiff having concluded
his evidence, and a motion for a nonsuit having been made
by the defendant, after hearing argument, *ordered*, that said
motion for nonsuit be, and the same is hereby, granted, upon
the grounds made and reasons expressed, taken down by the
stenographer."

Notice of appeal from the judgment and order of nonsuit
and from the ruling of the Circuit Judge at the trial, within
ten days from the ruling of the Court, to the Supreme Court,
for reversal and correction of the same, was given.   And
the following are the exceptions and grounds of appeal: "I.
Because the forfeiture of an insurance policy is a matter of

defense; and the policy in this instance was duly admitted and produced in Court; and it was incumbent upon the defendant company to show by competent evidence wherein the forfeiture lay, and the Circuit Judge erred in withholding the issues from the jury. II. Because the introduction of the policy raised the presumption that its terms had been complied with, and it was then a question for the jury to determine, and the Judge erred in granting the motion for nonsuit. III. Because the Circuit Judge erred in assuming that there was a conveyance by the plaintiff to his sons, changing the title to the house insured and the surrounding lands, when the alleged deed was not proven and not offered in evidence at all. IV. Because he erred in assuming that there was a change of title in the property, when all the witnesses, that made any reference to the alleged deed, testified that the same had been signed by the plaintiff, but not delivered as a deed, and was never intended by either party to operate as a conveyance in the lifetime of plaintiff. · V. Because the alleged deed was set up in the answer as a defense, and it was incumbent on the defendant company to prove the same, and the Judge erred in assuming the alleged change in the title without such proof. VI. Because the mere admission that the alleged deed was signed in 1892, but never delivered, is not legal proof of the conveyance of the property. The testimony of the Shute family, drawn out on cross-examination, that the plaintiff had some years ago signed a paper to take effect after his death, but which was not delivered, and was never intended to be delivered, in plaintiff's lifetime, was no evidence to pass the title out of plaintiff. And the Circuit Judge erred therein. VII. Because the plaintiff's attorneys, when they discovered the inclination of the Judge, proposed to go further than their duty, and swear the subscribing witnesses to the alleged deed, to show that the same was not delivered, and was never intended to be delivered, as a conveyance, but the Court refused this request. VIII. Because the alleged deed was signed in 1892, but not delivered, and the house was first insured in 1894,

again in 1895, and now again in 1896, by the defendant company; and the presiding Judge erred in assuming that the title to the property insured changed hands after the first policy was delivered, contrary to the facts, not considering that this would raise the question of waiver of the defense. IX. Because when E. K. Palmer applied for the policy, in 1895, and in 1896, it was proof that no concealment and no misrepresentations were made; and that no questions whatever were asked by the insurer; and that Palmer had no knowledge of any change whatever in the title; and Shute, the plaintiff, had no knowledge of the contents of the policy; and that he had no communication at any time with any agent of the insurance company; and the Circuit Judge misconceived this testimony, and erred in assuming that there was no waiver by the defendant company, and no negligence on its part. These were questions of fact for the jury. X. Because it was in proof that the defendant, immediately after the house was burned down, was the first to raise the question of forfeiture set up in its answer, and before the said E. K. Palmer, as agent, had had knowledge of the alleged change in the title, and before the plaintiff had any knowledge of the contents of the policy of insurance; and the inquiry when and how this information was acquired by the defendant company should have been left to the jury to determine whether or not there was a waiver of this defense. XI. If the insurer, before issuing the policy, asks for no information, and the insured makes no representations, it must be presumed that the insurer has, in person or by agent, in such a case, obtained all the information desired as to the premises insured; or that he ventures to take the risk without it, and that the insured, being asked nothing, has a right to presume that nothing on the risk is desired from him. Such were the facts in this instance, and the nonsuit was erroneously granted. XII. Insurance companies or their agents are presumed to know what facts and circumstances are material to the risk much better than persons applying for the insurance; and if they, as in this in-

stance, choose to accept the risk without inquiry, and, when a loss occurs, it appears that some fact, which the insurance company may regard as material to the risk, was not communicated by the insured, common honesty and fair dealing forbid that this shall operate as a forfeiture of the policy. XIII. Because the proof did not vary from or contradict the allegations of the complaint; and even if it were so, it was no ground for a nonsuit. XIV. Because the policy of insurance did not contain a promissory warranty to bind plaintiff. XV. Because, even if any of the material specifications in the policy were not proven, the conduct of the defendant company was such as to raise the presumption of a waiver, and was a question of fact for the jury to determine."

There is no doubt but that the Circuit Judge was impressed with the idea that the plaintiff sued for one thing, and in his dilemma wanted to recover for another thing. In discussing the matter of a nonsuit, this Court, in the case of *Willis* v. *Hammond,* 41 S. C., 158, said : "It is settled law in this State that the Circuit Judge ought not to grant a motion for a nonsuit if there is any competent testimony before the jury in support of plaintiff's tender of issue; but, on the other side, it is equally true, if no such testimony is offered, such motion should be granted. The solution of this question, therefore, involves a consideration of the pleadings and the fact whether any testimony was offered by plaintiff to support the issues there tendered." When the plaintiff in this action complained upon the policy of insurance made for him by his agent, E. K. Palmer, with the defendant insurance company, and made such policy a part of its complaint, there can be no doubt but that such policy evidences the contract betwixt the parties. The contract was in writing, and it became the duty of the Circuit Judge to expound such writing. This contract contained these provisions : "This entire policy shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple." So, as we

said, it was the duty of the Judge to construe these provisions of the policy. Again, the deed itself, which was testified to by the plaintiff and his two sons, was not brought before the Court except in this testimony. Therefore, the Circuit Judge had no right to say what the testimony of these witnesses proved.' He said such testimony showed that the plaintiff had no fee simple title to the land on which the building insured was located. Especially when the deed itself was not produced, and reliance was had upon the testimony of the plaintiff, which declared the deed was "signed;" he never did declare in his testimony that the deed was "delivered." It is the duty of the jury to take care of the testimony. In addition to all these matters, it was in testimony that E. K. Palmer never told the insurance company of this deed, for he did not know of it; that the plaintiff never told the insurance company of this deed, and yet this insurance company, as soon as it became liable to pay this policy, suddenly, through its adjuster, disclosed to the plaintiff that it knew of this deed. Now, with such testimony before the Court, and with no explanation of *when or how* the insurance company had this knowledge, the Circuit Judge had no right to take such testimony from the consideration of the jury. If the insurance company knew that this land had been conveyed to the three sons, and yet after such knowledge granted a policy thereon to the plaintiff, it may be (we will not assert it as a fact) that the insurance company waived the requirement of its policy, that the plaintiff should be the sole and unconditional owner of the land, or that the building it insured should be located on land owned by the plaintiff in fee simple. Without expending any further time, we prefer to have the new trial without any hampering restrictions thereon from us.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to that Court for a new trial.